LINCOLN V. HORTON
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Attorneys for Plaintiffs ZURICH AMERICAN INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>           v.<br><br>VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC, and DOES 1 to 10, inclusive,<br><br>           Defendants. | Case No. 1:25-cv-04234<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiff ZURICH AMERICAN INSURANCE COMPANY ("Plaintiff" or "Zurich") bring this action against Defendants VANTAGE DATA CENTERS MANAGEMENT COMPANY, LLC and DOES 1 to 10 (collectively "Defendants" or "Vantage"), and allege as follows:

## THE PARTIES AND JURISDICTION

1. Plaintiff Zurich American Insurance Company is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich American Insurance Company is authorized to transact business and has transacted business in the city/county of Denver in the state of Colorado.

1

1     2. Plaintiffs are informed and believe and based on such information and belief allege that Defendant Vantage Data Centers Management Company, LLC is a Delaware limited liability company with its principal place of business in Colorado located at 200 Clayton Street, Suite 500, Denver, CO 80206-4844.  Vantage Data Centers Management Company, LLC is authorized to transact business and is transacting business in the city/county of Denver in the state of Colorado.

    3. The amount at issue in this case is over $75,000.00.

    4. This matter is subject to the Federal District Court's jurisdiction based on the diversity of the parties and the amount at issue pursuant to 28 U.S.C. § 1332.

    5. Defendants DOES 1 to 10, inclusive, are the fictitious names of those Defendants whose true names are unknown to Plaintiff, and whose true capacities, whether as individuals, corporations, partnerships, joint venturers and/or associations, are also unknown to Plaintiff, and when such true names are ascertained, Plaintiff will amend this complaint by inserting said true names in the place of said fictitious names in accordance with the Federal Rules of Civil Procedure.  Plaintiff is informed and believes and thereon alleges that, whenever and wherever in this complaint all Defendants are the subject of the charging allegations by Plaintiff, said Does are also responsible in some manner for the events and happenings and it shall be deemed that said Defendants, DOES 1 to 10, inclusive, and each of them, are likewise the subject of said charging allegations herein by Plaintiff.

    6. At all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants herein, and at the same time and place of the events hereinafter described, were acting within the course and scope of said agency and employment with the permission and consent of the other Defendants and each of them.  Defendants are, and each of them is, the alter ego of the other Defendants, and Defendants are essentially the extension of each other.

**GENERAL ALLEGATIONS**

7. At Defendants' request, Master Builders Risk Policy no. MBR 0512157-00 was issued by Zurich for the policy period June 1, 2024 to June 1, 2026 ("Agreement" or "policy").

8. Pursuant to the terms of Agreement, when construction projects requiring coverage are added to the policy, a certificate is issued for the Agreement with the amount of additional premium owed for new projects added. The certificate incorporates and is subject to the terms of the Agreement.

9. On or about May 15, 2025, certificate no. CRT 0512242-00 was issued for the period March 24, 2025 to January 31, 2026 on the Agreement for additional projects of Defendants, and an invoice and demand for payment issued for an additional premium owed of $496,665.00.

10. Defendants did not pay the premium owed of $496,665.00 for the endorsement added to the Agreement.

11. On or about November 4, 2025, Zurich issued a Statement of Account for the endorsement premium owed of $496,665.00, plus interest accrued.

12. Despite follow-up efforts by Zurich, Defendants have not paid, in whole or in part, the endorsement premium owed of $496,665.00.

**FIRST CAUSE OF ACTION**

(Breach of Contract for Damages Against All Defendants)

13. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 12 above, as though fully set forth herein.

14. At Defendants' request, Plaintiff issued the insurance policy certificate and coverage contained in the Agreement to Defendants.

15. Plaintiff fulfilled its contractual obligations to Defendants by providing the insurance coverage set forth in the Agreement.

16. Pursuant to the terms of Agreement, when construction projects requiring coverage are added to the policy, a certificate is issued for the Agreement with the

amount of additional premium owed for the new projects.

17. On or about May 15, 2025, a certificate was issued for the Agreement for additional projects of Defendants, and an invoice and demand for payment issued for an additional premium owed of $496,665.00.

18. Defendants did not pay the premium owed of $496,665.00 for the endorsement added to the Agreement.

19. On or about November 4, 2025, Zurich issued a Statement of Account for the endorsement premium owed of $496,665.00, plus interest accrued.

20. Despite follow-up efforts by Zurich, Defendants have not paid, in whole or in part, the endorsement premium owed of $496,665.00.

21. Defendants materially breached the Agreements by failing to pay Zurich the endorsement premium owed totaling $496,665.00.

22. Defendants continue to be in breach of the Agreements by failing to pay Zurich the endorsement premium owed totaling $496,665.00.

23. Plaintiff did not waive or otherwise excuse Defendants' obligations pursuant to the Agreements to pay Zurich the endorsement premium totaling $496,665.00.

24. As a direct and proximate result of Defendants' breach of their obligations under the Agreements, Zurich has been damaged in the amount of $496,665.00 for the billed but unpaid endorsement premium, plus accruing interest.

25. Zurich seeks and is entitled to obtain a judgment for damages according to proof, plus daily pre-judgment interest calculated at the applicable statutory rate, costs of suit, and such other and further relief as the court deems proper.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

1. For damages according to proof at trial.
2. For an award of daily pre-judgment interest.

COMPLAINT FOR DAMAGES

3. For costs of suit.

4. For such other and further relief as the court may deem proper.

**Bench Trial requested by Plaintiff.**

DATED: December 31, 2025        HORTON VILLAGE LAW GROUP, APC


By: /s/ Lincoln V. Horton
        LINCOLN V. HORTON
Attorneys for Plaintiffs ZURICH AMERICAN INSURANCE COMPANY

5

COMPLAINT FOR DAMAGES